IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE GRAND JURY SUBPOENAS TO
MARK FAINARU-WADA and LANCE
WILLIAMS

No. CR 06-90225 JSW

**ORDER GRANTING IN PART AND DENYING IN PART GOVERNMENT'S RENEWED ADMINISTRATIVE MOTION TO SEAL OPPOSITION TO MOTION TO QUASH AND HERSHMAN DECLARATION IN SUPPORT THEREOF**

_____/

This matter comes before the Court upon consideration of the Government's renewed administrative motion to seal portions of its opposition to the motion to quash in this case, as well as the declaration of Brian D. Hershman and the exhibits thereto. In support of its motion, the Government asserts that it should be permitted to file the entirety of these documents under seal because the public disclosure of information contained therein, which included information relating to the Grand Jury process, was inadvertent and immediate attempts were made to rectify that disclosure.

Northern District Civil Local Rule 79-5 provides, in pertinent part:

> No document may be filed under seal, *i.e.*, closed to inspection by the public, except pursuant to a Court order that authorizes the sealing of a particular document, or portions thereof. A sealing order may issue only upon a request that establishes that the document, or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law [hereinafter referred to as "sealable."] *The request must be narrowly tailored to seek sealing only of sealable material ... .*

N.D. Civ. L.R. 79-5(a) (emphasis added).

As noted in its order denying without prejudice the Government's initial motion, the Government admittedly did not act to maintain the confidentiality of the material it sought to seal. If the Government's error was limited to this Court's e-filing system, the Court would find the Government's arguments regarding inadvertence persuasive. However, due to its error, the entirety of the Government's opposition brief (including those portions it sought to have redacted and sealed from public view) was made available to the general public and was published on the *New York Times'* website. Accordingly, the Court finds that it would be a futile act to seal the opposition brief at this point, and DENIES that aspect of the Government's request.

Mr. Hershman's declaration in support of the Government's opposition, and the exhibits thereto, have not been disclosed fully to the public and, thus present a different question. Having reviewed the declaration and the exhibits, the Court finds that nothing contained in Mr. Hershman's declaration warrants sealing, as it simply catalogs the exhibits attached thereto. To the extent the exhibits to Mr. Hershman's declaration contain and refer to grand jury materials, the grand jury process, or matters that have been sealed previously and were not disclosed in the Opposition, the Court finds that sealing as to those portions is warranted. To the extent the exhibits are quoted in the Government's opposition brief or are matters of public record, sealing as to those portions of the exhibits is not warranted.

Accordingly, the request to seal Mr. Hershman's declaration is DENIED.

The requests to seal Exhibits A, B, U, BB, DD, GG and HH to the Hershman Declaration also are DENIED.

The requests to seal Exhibits C-T, V-Z, and CC to the Hershman Declaration are GRANTED IN PART AND DENIED IN PART. The Government may file under seal only those portions of the exhibits that were not quoted in the opposition brief.

The request to seal Exhibit AA to the Hershman Declaration is GRANTED IN PART AND DENIED IN PART. Any document that is a part of that exhibit that previously was filed under seal shall remain under seal. Any document filed in the public record shall not be sealed.

2

The requests to seal Exhibits EE and FF to the Hershman Declaration are GRANTED.

The Government shall file a redacted version of the Hershman Declaration in the public record within ten (10) days of the date of this Order. The Clerk is directed to file the previously lodged copy of Mr. Hershman's declaration under seal.

**IT IS SO ORDERED.**

Dated: July 20, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE