**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GRAND JURY SUBPOENAS TO MARK FAINARU-WADA and LANCE WILLIAMS | No. CR 06-90225 JSW<br><br>**ORDER DENYING MOTION FOR CLARIFICATION** |
| _____ / | |

### INTRODUCTION

This matter comes before the Court upon consideration of the motion for clarification filed by Mark Fainaru-Wada ("Fainaru-Wada") and Lance Williams ("Williams") (collectively "Movants"). Movants incorporate by reference the arguments raised by the *San Francisco Chronicle* in its motion to quash a grand jury subpoena, filed on the same date Movants filed the instant motion. Having considered the parties' pleadings, relevant legal authority, and having had the benefit of oral argument, the Court DENIES the motion.

### BACKGROUND

The factual background underlying this dispute is set out in the Court's August 15, 2006 Order denying Movants' motion to quash subpoenas issued by the grand jury and shall not be repeated here. *See In re Grand Jury Subpoena to Mark Fainaru-Wada and Lance Williams*, 438 F. Supp. 2d 1111, 1113-14 (N.D. Cal. 2006). However, Movants' reply brief necessitates

further elaboration on the terms of the Stipulated Protective Order ("Protective Order") issued by Judge Illston in *United States v. Conte, et al.*, CR-04-44-SI (the "BALCO litigation").

The Protective Order defined "Sealed Material" to include "[a]ll transcripts of grand jury proceedings." (*Id.* at 2:16-17.) The parties agreed that "Sealed Material" would be

> furnished, at this time, **to no one other than**: (1) counsel for defendants Conte, Valente, Anderson, and Korchemny; (2) defendants Conte, Valente, Anderson, and Korchemny; and (3) the staff supporting counsel for defendants Conte, Valente, Anderson, and Korchemny in the above-captioned case, such as investigators, paralegal assistants, secretarial, stenographic, and clerical employees who are working on this case under the direction of counsel for defendants Conte, Valente, Anderson and Korchemny and to whom it is necessary that the materials be disclosed for purposes of the defense of this case. *All such material shall be used **solely** for the purposes of conducting pretrial, trial, and appellate proceedings in this case and for no other purpose whatsoever, and shall not be disseminated to the press* or used for economic benefit by counsel for defendants Conte, Valente, Anderson, or Korchemny the defendants themselves, or the support staff of defense counsel.

(*Id.* at 2:21-3:7 (emphasis in bold as in original, emphasis in italics added).)

The Government and "attorneys for the U.S. government authorized by federal rules and regulations to have access to the material; (2) law enforcement agents authorized by the federal rules and regulations to have access to the material; and (3) the staff supporting the prosecution in the above captioned case ...." were subject to these same requirements. (*Id.* at 3:8-18). The Protective Order also provided that "[t]he United States and defendants Conte, Valente, Anderson and Korchemny and their counsel in the above-captioned case may not *disclose* Sealed Material to any other person without prior Court approval and notice to opposing counsel in advance of any additional disclosure." (*Id.* at 3:23-26 (emphasis added).)

The terms of the Protective Order further provide that "[n]othing herein shall prevent either the United States or the defendants Conte, Valente, Anderson and Korchemny and their counsel from using the Sealed Material or from referring to or reciting from any information contained in such Sealed Material in connection with pleadings or motions filed in this case, provided that the Sealed Material itself is only filed under seal and/or submitted to the Court for *in camera* inspection. The use of Sealed Material at trial or pre-trail or post-trial hearing will be resolved at or before the time of trial or hearing." (*Id.* at 4:1-6.) Finally, the parties agreed that

2

1  a violation of the Protective Order "may be punishable by contempt of court, whatever other
2  sanction the Court deems just, and/or any other sanctions which are legally available." (*Id.* at
3  4:7-9.)

## ANALYSIS

"[A] grand jury subpoena issued through normal channels is presumed to be reasonable, and the burden of showing unreasonableness must be on the recipient who seeks to avoid compliance." *United States v. R. Enterprises*, 498 U.S. 292, 301 (1991).

Movants contend that the Government, with respect to the subpoena issued to the *Chronicle*, now interprets paragraph 6 of the subpoena in an overly broad manner. That paragraph requests

> [a]ny information in your possession regarding the identity of the individual or individuals who provided the Chronicle a copy of any grand jury transcript pertaining to Grand Jury Investigation Number 2002R01596, or who disclosed information about the content of any such witness' grand jury testimony.

(*See* Affidavit of Mark Fainaru-Wada in Support of Motion to Quash, Ex. A; Affidavit of Lance Williams in Support of Motion to Quash, Ex. A.) It is the latter clause that forms the basis of the instant dispute. Movants seek clarification of the Court's August 15, 2006 Order, and their obligations thereunder, because they are concerned the Government will interpret all three subpoenas in the same manner.

The Movants argument is premised on a contention that the information sought by the Government is not relevant to the grand jury investigation and that the overly broad scope of the information requested renders the subpoenas unreasonable and oppressive. When a party challenges a grand jury subpoena "on relevancy grounds, [a] motion to quash must be denied unless the district court determines that there is no reasonable probability that the category of materials the Government seeks will produce information relevant to the general subject of the grand jury's investigation." *Id.* at 301.

The grand jury

> is an investigatory body charged with the responsibility of determining whether or not a crime has been committed. Unlike this Court, whose jurisdiction is predicated on a specific case or controversy, the grand jury "can investigate merely on suspicion that the law is being violated, or

3

> even just because it wants assurance that it is not." *The function of the grand jury is to inquire into all information that might possibly bear on its investigation until it has identified an offense or has satisfied itself that none has occurred. As a necessary consequence of its investigatory function, the grand jury paints with a broad brush.* "A grand jury investigation 'is not fully carried out until every available clue has been run down and all witnesses examined in every proper way to find if a crime has been committed.'"

*R. Enterprises*, 498 U.S. at 297 (emphasis added). While the grand jury's investigatory powers are broad in scope, the Court recognizes that they are not unlimited. "Grand juries are not licensed to engage in arbitrary fishing expeditions, nor may they select targets of investigation out of malice or an intent to harass." *Id.* (citations omitted).

      Movants urge the Court to find the subpoena unreasonable and oppressive and lacking relevance to the grand jury investigation based upon a distinction between disclosure of the "content" of grand jury testimony and disclosure of the physical transcripts. The grand jury in this case is investigating whether or not a person or persons: (1) violated the terms of Judge Illston's Protective Order; (2) committed perjury; (3) obstructed justice; (4) or violated Federal Rule of Criminal Procedure 6(e). In light of the scope of that investigation, and considering the terms of the Protective Order and the concerns raised by Judge Illston during the course of the BALCO litigation, this Court can find no meaningful distinction between disclosure of the physical grand jury transcripts and disclosure of the content of those transcripts. Accordingly, it concludes that Movants have not met their burden to show that the subpoenas, as drafted, are unreasonable or oppressive or that there is no reasonable probability that the category of materials the Government seeks will produce information relevant to the general subject of the grand jury's investigation.

      However, the Government has agreed to limit the scope of paragraph 6 of the subpoenas. The Court shall hold the Government to its representation. Thus, although the Court DENIES the motion for clarification, it does so subject to the issuance of a protective order.

**CONCLUSION**

For the reasons set forth above, the motion for clarification is DENIED, subject to the protective order outlined below. Under the Court's August 15, 2006 Order denying their motion to quash, Movants were required to appear before the grand jury at a date and time to be determined by the Government to answer questions posed to them and to produce all documents or objects requested in the subpoenas.

The Court HEREBY ORDERS that Movants' obligations with respect paragraph 6 are expressly limited to providing information regarding the identity of: (1) those individuals who worked for the United States Attorney's Office or the government agencies that worked with it on *United States v. Conte, et al.*, CR-04-44-SI; (2) those individuals who were counsel or parties in *United States v. Conte, et al.*, CR-04-44-SI; or (3) those individuals who submitted a declaration in response to the Honorable Susan Illston's order requiring such declarations in the BALCO litigation.

**IT IS SO ORDERED.**

Dated: September 25, 2006

                                                  JEFFREY S. WHITE
                                                UNITED STATES DISTRICT JUDGE