IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GRAND JURY SUBPOENAS TO MARK FAINARU-WADA and LANCE WILLIAMS | No. CR 06-90225 JSW<br><br>**ORDER HOLDING MARK FAINARU-WADA AND LANCE WILLIAMS IN CIVIL CONTEMPT** |

This matter comes before the Court upon consideration of the Government's Petition for an Order to Show Cause why Mark Fainaru-Wada ("Fainaru-Wada") and Lance Williams ("Williams") Should Not Be Held in Civil Contempt, and the parties' Stipulation re: Finding of Contempt and Stay of Execution Pending Appeal.

Having considered the parties' pleadings, the record in this case, relevant legal authority, and having had the benefit of oral argument, for the reasons set forth in this Order, the Court finds Fainaru-Wada and Williams in civil contempt and concludes that incarceration is the appropriate sanction for that contempt.

**BACKGROUND**

On August 15, 2006, the Court denied the motion to quash grand jury subpoenas filed by Fainaru-Wada and Williams. *See In re Grand Jury Subpoena to Mark Fainaru-Wada and Lance Williams*, 438 F. Supp. 2d 1111, 1122 (N.D. Cal. 2006) (hereinafter "*In re Fainaru-Wada/Williams*").

Following the issuance of that Order, Fainaru-Wada and Williams advised the

Government that they would not comply with the Order to "appear before the grand jury at a date and time to be determined by the Government to answer questions posed to them and to produce all documents or objects requested in the subpoenas." *In re Fainaru-Wada/Williams*, 438 F. Supp. 2d at 1122. Fainaru-Wada and Williams cited the grounds raised in their motion to quash and also raised the Fifth Amendment as a basis for their refusal to testify. In response to the latter concern, on August 30, 2006, the Court granted the Government's *ex parte* applications to grant testimonial immunity to both Fainaru-Wada and Williams. (*See* Docket Nos. 67-70.)

Because Fainaru-Wada and Williams have stated that they will not comply with the Court's August 15, 2006 and August 30, 2006 Orders, and because Fainaru-Wada and Williams wish to pursue an appeal of the Court's decision denying their motion to quash and any resulting contempt order in an expeditious manner, on September 1, 2006, the parties stipulated to a finding that Fainaru-Wada and Williams may be held in civil contempt. (Docket No. 74.)

On September 1, 2006, Fainaru-Wada and Williams filed a motion for clarification with respect to the August 15, 2006 Order. The Court has denied that motion in a separate order issued this date.

## ANALYSIS

The Government seeks to hold Fainaru-Wada and Williams in civil contempt pursuant to 28 U.S.C. § 1826, which provides:

> Whenever a witness in any proceeding before or ancillary to any court or grand jury of the United States refuses without just cause shown to comply with an order of the court to testify or provide other information, including any book, paper, document, record, recording or other material, the court, upon such refusal, or when such refusal is duly brought to its attention, may summarily order his confinement at a suitable place until such time as the witness is willing to give such testimony or provide such information. No period of such confinement shall exceed the life of- (1) the court proceeding, or (2) the term of the grand jury, including extensions, before which such refusal to comply with the court order occurred, but in no event shall such confinement exceed eighteen months.

28 U.S.C. § 1826(a).

Fainaru-Wada and Williams base their refusal to testify on the grounds raised in their original motion to quash, which the Court has already rejected. *In re Fainaru-Wada/Williams*,

2

438 F. Supp. 2d 1111. Further, the Court has granted them testimonial immunity. The only new argument Fainaru-Wada and Williams raise for refusing to comply with the subpoenas are the grounds raised in their motion for clarification, which the Court has denied. Further, at the hearing on this matter, counsel for Fainaru-Wada and Williams stated on the record that the September 1, 2006 Stipulation is applicable to any Order issued by the Court in connection with the motion for clarification.

Accordingly, pursuant to the parties' stipulation and pursuant to its own review of the record, the Court finds by clear and convincing evidence that (1) Fainaru-Wada and Williams received an authorized request for information in the form of subpoenas for grand jury testimony and production of materials, (2) the information sought by the subpoenas is relevant to the grand jury's investigation, (3) the information sought is not already in the Government's possession, (4) Fainaru-Wada and Williams have, in person and through counsel, refused to comply with the grand jury subpoena without just cause, and (5) based on these refusals, Fainaru-Wada and Williams are in civil contempt of this Court.

The Court must now consider the appropriate sanction. The Supreme Court set forth the purpose sanctioning a person for civil contempt in *Gompers v. Buck's Stove & Range, Co.*, 221 U.S. 418 (1911):

> Unless there were special elements of contumacy, the refusal to pay or to comply with the order is treated as being rather in resistance to the opposite party than in contempt of the court. The order for imprisonment in this class of cases, therefore, is not to vindicate the authority of the law, but is *remedial, and is intended to coerce the defendant to do the thing required by the order* for the benefit of the complainant. *If imprisoned, [the contemnor] "carries the keys of his prison in his own pocket."* He can end the sentence and discharge himself at any moment by doing what he had previously refused to do.

*Id.* at 442 (internal quotation marks omitted, emphasis added). While the Court should consider the least coercive sanction designed to achieve this goal, the appropriate sanction is a matter within the Court's discretion. *See United States v. Flores*, 628 F.2d 521, 527 (9th Cir. 1980).

The Government requests that the Court remand Fainaru-Wada and Williams to the custody of the United States Marshal for a term of imprisonment. Fainaru-Wada and Williams

3

1  urge the Court to impose a fine of $1.00 per day for every day they refuse to comply with the
2  subpoenas issued to them by the grand jury.

3  It is apparent from the record that Fainaru-Wada and Williams proffered a nominal fine
4  as a sanction because they contend that now is not the time to address alternative lesser
5  sanctions. Rather, Fainaru-Wada and Williams assert that they intended to urge lesser sanctions
6  on the Court only after their appeal is decided. (Response at 6.) Notwithstanding the fact that
7  the parties stipulated to a finding of contempt and the fact that they desire to pursue an
8  expeditious appeal, this *is* the time for consideration of the appropriate sanction, and the Court
9  will not engage in piecemeal litigation of that issue. Indeed, because the parties have agreed to a
10 stay of execution of that sanction, none of the parties will be prejudiced by allowing the Court of
11 Appeals to consider both the merits of the Orders underlying this contempt order and the
12 sanction imposed.

13 Moving to the question of the appropriate sanction, because the Court does not believe a
14 nominal fine of $1.00 per day will be sufficiently coercive, it attempted to elicit from Fainaru-
15 Wada and Williams an alternative. Fainaru-Wada and Williams argued that any financial
16 penalty would be coercive but offered up no other fine except $100.00 per week. Again, this
17 Court finds that to be a nominal fine, which is not sufficiently coercive to win compliance with
18 its orders.

19 The Court also has considered the statements Fainaru-Wada and Williams each made at
20 the hearing. In those statements, Fainaru-Wada and Williams spoke of the fact that they were
21 doing their jobs as investigative reporters and were attempting to bring a truth to light. The
22 grand jury too is attempting to do its job and is on its own search for truth, *i.e.* to determine
23 whether *or not* a crime has been committed or an order of the court violated. In ruling on their
24 motions to quash and for clarification and in finding them in contempt and imposing a remedial
25 sanction, this Court is doing its job, which is to interpret and apply the law to the facts before it.
26 Fainaru-Wada and Williams also spoke of their respect for the law and the sanctity of the
27 grand jury process, and stated that they do not believe themselves to be above the law. Yet this
28 Court has ruled that the law requires them to comply with the subpoenas. In their search for

4

truth and in doing their jobs, Fainaru-Wada and Williams made promises that they say their convictions will not allow them to break in order to comply with the Court's Orders and the law as the Court has interpreted it, even in the face of a term of imprisonment. These statements are entirely consistent with statements that they have made to the press. *See, e.g.* Bob Elgelko, *Judge Hears Arguments Over Chronicle Reporters' Subpoenas* (Aug. 5, 2006) (www.sfgate.com).

The Court does not fault Fainaru-Wada and Williams for their convictions. *Nor is it acting to punish them for maintaining those convictions.* As set forth above, the purpose of a sanction for civil contempt is remedial and is intended to induce and obtain compliance with a court order. The Court has considered the possibility of a fine in this case. However, both in their public statements and in their statements to the Court, Fainaru-Wada and Williams make clear that they will not reveal their confidential sources as required by this Court's Orders. The Court finds based on the record before it that a term of incarceration is the least coercive sanction that would reasonably win compliance with its orders. *Id.*

Accordingly, in accordance with 28 U.S.C. § 1826(a), Mark Fainaru-Wada and Lance Williams are HEREBY ORDERED to be remanded to the custody of the United States Marshal to be confined "at a suitable place until such time as [they are] willing to give such testimony or provide such information." 28 U.S.C. § 1826(a). This period of confinement shall not exceed the term of the grand jury, including extensions, before which such refusal to comply with this Court's Orders occurred, and in no event shall such confinement exceed eighteen months. *Id.*

It is FURTHER ORDERED that, pursuant to the agreement of the parties, the execution of this term of imprisonment is STAYED until a panel of the United States Court of Appeals for the Ninth Circuit has issued an opinion, memorandum, or order on the merits resolving Fainaru-Wada's and Williams' appeal of this Order.

It is FURTHER ORDERED that nothing in this Order shall prohibit the government from seeking execution and enforcement of this Order if a panel of the Ninth Circuit issues a ruling affirming this Order, regardless of whether Fainaru-Wada and Williams decide to seek further discretionary appellate relief from the Ninth Circuit or the Supreme Court.

5

It is FURTHER ORDERED that nothing in this Order shall prohibit Fainaru-Wada and Williams from seeking further stays of this Order and the sanction imposed, or from pursuing any other rights Fainaru-Wada and Williams may have, in the event a panel of the Ninth Circuit affirms this Order and Fainaru-Wada and Williams decide to seek further discretionary appellate relief from the Ninth Circuit or the Supreme Court.

**IT IS SO ORDERED.**

Dated: September 25, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE